STATE OF INDIANA *v*. BAKER ET AL.

[No. 30,214. Filed April 19, 1963.]

---

1. "The appellant shall have 30 days after submission in which to file his brief, and if the brief is not filed within the time limited the clerk shall enter an order dismissing the appeal, unless a petition for extension of time is on file. . . ." Rule 2-15.

*Edwin K. Steers,* Attorney General, *Harriette Bailey Conn* and *Carl E. Van Dorn,* Deputy Attorneys. General, for appellant.

*Ole J. Olsen, Olsen & Niederhaus* and *Milford M. Miller,* all of Evansville, for appellees.

ACHOR, J.—Appellees were charged by affidavit in four counts of embezzlement of property under a trust receipt transaction. The appellees separately filed motions to quash the affidavit, which motions were sustained. Thereupon the state filed this appeal.

Upon submission of its appeal by the filing of a transcript of the record, appellant filed a petition for extension of time within which to file its brief. However, the notice of appellant's petition for extension of time was not served upon appellees or their counsel prior to the filing of said motion, or at any time, as required by Rule 2-16. Instead, notice was served upon counsel for another defendant in a different cause of action growing out of the same transaction in which appellee Baker was co-defendant. Because of the failure of service of notice, the appellees have each filed their separate motions in this court to dismiss or affirm the appeal.

Appellant urges that the service of notice given should be considered to have been a good-faith attempt to serve notice upon appellees' counsel, which we must assume resulted in actual notice to appellees' counsel. The material portion of Rule 2-16 provides:

"Notice of the application and a copy of the petition shall be served upon the opposite party or his counsel at any time before filing, and proof of service shall be filed with the petition. . . ."

The above cited portion of Rule 2-16 is mandatory. We cannot make compliance therewith dependent

upon the assumption that attorneys in related cases will deliver to attorneys in other related cases notices which have been improvidently served upon them.

Since appellant's brief was not timely filed within the time prescribed, or thereafter within any valid extension of time for such filing, the appeal is dismissed.[1]

Jackson, C. J., Arterburn, Landis and Myers, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 581.

---

1. "The appellant shall have 30 days after submission in which to file his brief, and if the brief is not filed within the time limited the clerk shall enter an order dismissing the appeal, unless a petition for extension of time is on file. . . ." Supreme Court Rule 2-15.